Argued December 13, 1978, affirmed January 29, 1979

# WESTERN STATES FARMS AND RANCHES, INC. et al, *Respondents,*

## *v.*

# FAULKNER et al, *Appellants.*

## (No. 77-0656, CA 10971)

590 P2d 253

Richard W. Butler, of Thwing, Atherly & Butler, Eugene, argued the cause and filed briefs for appellants.

Bert McCoy, of McCoy & Lawlor, Eugene, argued the cause and filed a brief for respondents.

Before Schwab, Chief Judge, Gillette and Roberts, Judges, and Howell, Judge pro tempore.

HOWELL, J. pro tempore.

**HOWELL, J.** pro tempore.

Plaintiffs filed this law action to recover a fee of $4,000 for services rendered defendant in connection with the sale of a commercial business. The action was tried before the court without a jury. Defendants appeal from a judgment entered for plaintiffs.

Defendants were interested in purchasing a business known as Lindy's Trading Post and Tavern. They contacted plaintiff, Tom Weathers, a real estate broker, for assistance in making the purchase. Plaintiff apparently was not retained to act in his capacity as a realtor but primarily to assist and advise defendants concerning the purchase.

In March, 1976, the parties executed the following agreement:

"On this day of March 12, 1976, Art Faulkner and Betty Ellwood, agree to pay Tom O. Weathers, Broker, Western States Farms & Ranches, Inc., a fee of $4,000 if he successfully completes the sale on the property described in Exhibit 'A' better known as Lindy's Trading Post and Tavern. To be paid at $100 per month including 8% per annum commencing 1 month after closing.

| " 3-12-76 | /s/ Art Faulkner |
|---|---|
| " Date | /s/ Betty Ellwood " |

The sale was eventually consummated and defendants purchased the property. The defendants refused to pay Weathers the $4,000 apparently because they did not believe Weathers' services were worth that amount.

Because this is a law action tried to the court, the only issue on appeal is whether there is substantial evidence to support the judgment of the trial court in favor of plaintiffs.

Defendants contend that plaintiffs were not entitled to damages because Weathers did not "complete" the sale of the property. In effect, defendants argue that Weathers could "complete" the sale only by actually drafting the land sale contract. We believe

the trial court could properly find that the parties did not intend the word to be used in that sense.

██ The agreement does not delineate the type and extent of services Weathers was to perform. However, defendants testified that they realized Weathers was not an attorney, and Weathers testified that he performed all the services that he, as a non-attorney, legally could perform. Specifically, there was evidence that he conferred with defendants, participated in the preparation of an earnest money receipt, wrote and received letters concerning the sale, and attended at least two conferences between the parties and their attorneys. The trial court could reasonably find that the parties did not intend additional services to be performed by Weathers beyond those that could be performed legally. As a general rule, parties do not intend their contracts to have an illegal purpose. *See* 3 Corbin on Contracts § 546 (1960).

Because the sale was successfully completed, and plaintiff Tom Weathers performed all the services he, as a broker, could legally perform, we find the trial court's judgment to be supported by the evidence.[1]

Affirmed.

---

[1] Because the trial court was justified in concluding that the contract required Weathers to perform only business services, it also was justified in concluding that the contract was not illegal. Weathers was primarily involved in business matters and was not required to practice law. *See State ex rel Oregon State Bar v. Lenske,* 284 Or 23, 33, 584 P2d 759 (1978).